IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


**FRED LOVETT**                                              **PLAINTIFF**

vs.                                              Civil Action No. 3:05-cv-497 WS

**BARBOUR INTERNATIONAL, INC.**                              **DEFENDANT**


## MEMORANDUM OPINION AND ORDER

Before this court is the motion of the defendant, Barbour International, Inc., ("Barbour International"), for summary judgment [docket # 3] asking this court to dismiss this lawsuit filed by plaintiff, Fred Lovett ("Lovett"), pursuant to Rule 56(b)[1] and (c),[2] Federal Rules of Civil Procedure. Complaining that he had been terminated from defendant's employment unlawfully on account of age discrimination, plaintiff Lovett filed this lawsuit in state court on July 07, 2005, asserting a cause of action under the Age Discrimination in Employment Act of 1967 (ADEA), Title 29 U.S.C. § 621, *et seq.* After this lawsuit was removed to this federal forum, defendant Barbour International filed its motion for summary judgment contending that this court should dismiss this action because plaintiff had failed to file the statutorily-required Charge of

---

[1] F.R.C.P. 56(b) allows a defendant to "move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."

[2] F.R.C.P. 56(c) requires the court to render judgment "forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . ."

Discrimination with the Equal Employment Opportunity Commission (EEOC) within the requisite 180 days as required by Title 29 U.S.C. § 626(d)(1).

Plaintiff opposes the motion on two grounds. First, plaintiff contends that he complied with § 626(d)(1). Secondly, plaintiff relies upon equitable tolling.

## Jurisdiction

Inasmuch as federal courts are courts of limited jurisdiction, the court in each case on its own accord must determine whether it has subject matter jurisdiction. Plaintiff here asserts this cause of action under the ADEA, a federal statute. Accordingly, this court has federal question jurisdiction under Title 28 U.S.C. § 1331.[3]

## Background

Plaintiff Lovett was hired by Barbour International as an employee in January of 2000 as Vice President of Sales. According to Lovett's complaint, sometime thereafter he was referred to as the "old man" in meetings, called "paw paw" and the subject of an e-mail sent by one of the Vice Presidents indicating that he [Lovett] would soon be fired because of his age, weight and cost of his wife's insurance.

According to his plaintiff's complaint, on May 15, 2004, the defendant hired Shaun O'Brian as a sales representative. Thereafter, says plaintiff, he was required over a six month period to train O'Brian. Once trained, O'Brian, a person younger than forty years of age, was given plaintiff's clients.

On November 1, 2004, a representative of Barbour International met with Lovett in a scheduled meeting and informed Lovett that his employment with Barbour

---

[3]Title 28 U.S.C. § 1331 provides the district court with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

2

International was being terminated. The Barbour representative conducted an Exit Interview and the parties signed a Termination of Employment Agreement. This Termination of Employment Agreement, dated the first day of November, 2004, provides that the parties have agreed to a mutual termination of Lovett's employment and that Lovett's employment with Barbour International is terminated effective November 15, 2004. According to Barbour International and undisputed by Lovett, Lovett's last day of work for Barbour International was November 1, 2004, the same day Lovett returned company documents, equipment and property to Barbour. Under the Termination of Employment Agreement, Barbour International agreed to pay Lovett his base salary for the month of November and for the period from November 15, 2004, through May 15, 2005.

Lovett filed his Charge of Discrimination with the EEOC on May 13, 2005. In his charge, Lovett alleged that he believed he had been discharged because of his age, 58 years, in violation of the ADEA. On a form styled "Notice of Right to Sue" which was mailed on June 3, 2005, the EEOC gave plaintiff permission to file this action, even though the EEOC had not completed its investigation, because the EEOC concluded that it was unlikely that the EEOC would be able to complete its administrative processing within 180 days from the filing of the charge.[4]

---

[4] Title 29 C.F.R. § 1601.28(a)(2) permits the EEOC to issue a notice of the right to sue to an aggrieved party "prior to the expiration of 180 days from the date of the filing of the charge with the Commission; provided, that the District Director, Area Director, the Local Director, the Program Director, Office of Program Operations, . . . has determined that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge and has attached a written certificate to that effect."

While the Fifth Circuit has not directly addressed the effect of an early issuance of a right-to-sue letter, without completion of an EEOC investigation, courts in this circuit have recognized the validity of such an action, taken pursuant to an EEOC regulation which seeks to avoid unnecessary delay in

## Standard for Summary Judgment

Rule 56 permits parties to test the legal and factual sufficiency of a claim or defense. Both parties may rely upon the rule. When a defendant seeks the dismissal of a lawsuit pursuant to this rule, the plaintiff is obligated to come forth with either factual or legal reasons to thwart the defendant's request. So, here, where Barbour International contends that plaintiff failed to file his claim timely with the EEOC, plaintiff is obligated to contest this assertion. The holding in *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), speaks to these matters, asserting that once summary judgment has been sought by the movant, the non-movant bears the burden of indicating specific facts showing that there is a genuine issue for trial. The non-moving party must show more than some metaphysical doubt, more than some conclusory allegations to stave off summary judgment.

## EEOC Filing Requirement

Title 29 U.S.C. § 621(d)(1) states as follows:

No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge <u>shall</u> be filed –

    (1)  within <u>180 days after the alleged unlawful practice occurred:</u>
...

The jurisprudence relative to the above statute is clear: this requirement functions as a statute of limitations rather than a jurisdictional prerequisite. It is a precondition to filing suit in district court. *Julian v. City of Houston*, 314 F.3d 721 (5th

---

resolution of a claim. *See Madiebo v. Division of Medicaid/State of Mississippi*, 2 F. Supp. 2d 851, 854 (S.D. Miss. 1997); *Wells v. Hutchinson*, 499 F. Supp. 174, 189 (E.D. Tex. 1980).

4

Cir. 2002); *Pruet Production Co. v. Ayles*, 784 F.2d 1275, 1279 (5th Cir. 1986); *Cruce v. Brazosport Indep. Sch. Dist.*, 703 F.2d 862, 864 (5th Cir. 1983); *Davis v. Ceco Building Systems*, 813 F. Supp. 1202, 1206 (N.D. Miss. 1993).

Failure to file a charge with the EEOC within 180 days after the targeted discriminatory conduct will preclude a subsequent civil lawsuit alleging discrimination. The following cases make the point:  In *Pruet Production Co. v. Ayles*, 784 F.2d 1275, 1279 (5th Cir. 1986), plaintiff filed an EEOC charge within one month of termination of employment, and shortly after the time at which plaintiff claims to have become aware of defendant's discriminatory action, but was judged untimely because it was filed more than 180 days after defendant announced the decision to remove plaintiff as controller and secretary-treasurer. *Pruet*, 784 F.2d at 1278. The timely filing of a charge was held to be "akin to a limitations statute which a plaintiff must satisfy as a condition precedent to filing suit." *Id.* at 1279.

In *Cruce v. Brazosport Indep. Sch. Dist.*, 703 F.2d 862, 864 (5th Cir. 1983), the court granted summary judgment to a defendant school district in a sex discrimination lawsuit filed by a schoolteacher. The court found plaintiff's claim that the EEOC's Houston office had refused to allow her to file a charge of sex discrimination was not persuasive because plaintiff had not attempted to file the EEOC charge until nearly a year after the occurrence of the alleged discrimination; even if the charge had been filed at that time, it would have been untimely.

In *Davis v. Ceco Building Systems*, 813 F. Supp. 1202 (N.D. Miss. 1993), the plaintiff filed an age discrimination charge eight months after termination. The court

5

dismissed this action despite plaintiff's assertion that his employer had misled him by claiming that there were no other suitable positions available. *Id.* at 1206. Deposition testimony established that Davis had known of other suitable openings at the time of his termination; therefore, the filing was untimely and was not subject to equitable modification. Id. at 1207.

In each of the cases *supra,* the plaintiff therein had conceded the statutory requirement that an EEOC charge must be filed timely prior to commencing a lawsuit. In fact, plaintiffs in the above cases filed or sought to file the requisite EEOC charge, but had failed to do so within the 180-day time limitation. The courts above did not find a valid basis for equitable tolling of this statutory limitation; therefore, due to plaintiffs' failure to meet this condition precedent, the courts had rendered summary judgment for the defendants.

### **Holding**

Defendant Barbour International contends that Lovett failed to file timely his EEOC charge of discrimination. In support of this accusation, Barbour International points to the following: that plaintiff was advised of his termination on November 1, 2004; that he filed his charge of discrimination with EEOC on May 13, 2005, a period, says defendant, which embraces 193 days; and that § 626(d)(1) requires such a charge to be filed within 180 days after the occurrence of the alleged unlawful practice.

Plaintiff responds that he filed his discrimination charge timely. Plaintiff asks this court to view November 15, 2004, as the date which triggers his notice, not

November 1, 2004.  In the Termination of Employment Agreement, the parties agreed that Lovett's employment was to be terminated effective November 15, 2004.

Plaintiff submits an alternative argument should the court not be persuaded with the former one.  In an affidavit, plaintiff Lovett states that he was confused by the Mutual Release Provision of the Termination of Employment Agreement.  This Mutual Release states as follows:

> Barbour hereby releases Lovett and Lovett hereby releases Barbour from any and all claims, liabilities, debts, suits, causes of action, or any other matter arising out of or with respect to Lovett's employment with the Company.  This Release is intended to be full, final and absolute and neither party shall have or make any claim against the other related thereto.

Lovett says that because of the confusing language of this Mutual Release, he was under the impression that he had waived any age discrimination claim he might have against defendant.  Only after he had sought the advice of counsel, says Lovett, was he correctly notified that this Mutual Release Provision did not affect any age discrimination claim that he might have.[5]

This court is persuaded to grant defendant's motion.  As earlier stated, the 180-day period for filing a discrimination claim with the EEOC is binding on would-be plaintiffs.  Federal courts consistently have upheld this 180-day requirement as a precondition to filing suit in district court.  *See e.g. Julian*, 314 F.3d 721*; Pruet*, 784 F.2d at 1279;  *Cruce*, 703 F.2d at 864;  *Davis*, 813 F. Supp. at 1206.  Further, this 180-day period begins to run when the employee receives notice of the allegedly

---

[5]Barbour asserts that only upon meeting with Nick Norris, current counsel, on March 31, did he learn that the signed release did not preclude filing an age discrimination lawsuit under the EEOC.

discriminatory decision.  *Vadie v. Mississippi State Univ.*, 218 F.3d 365, 371 (5th Cir. 2000);  *Rhodes v. Guiberson Oil Tools Division*, 927 F.2d 876, 878 (5th Cir. 1991); *Davis*, 813 F. Supp. at 1206.  In some instances, the employment may continue for a short time even after  the occurrence of the allegedly discriminatory decision, such as when an employee is notified of a discharge to be effective on a future date.  Still, the employee is held to the date he knew or should have known of the allegedly discriminatory decision and may not rely upon the date when employment actually ceases.  *Ramirez v. City of San Antonio*, 312 F.3d 178, 181 (5th Cir. 2002); *Vadie*, 218 F.3d at 371; *Pruet*, 784 F. 2d at 1278-79.

     In the lawsuit *sub judice*, Lovett does not contest that he was notified of his termination on November 1, 2004.  He does not dispute that he was provided an Exit Interview and that he signed a Termination of Employment Agreement that same day.  Neither does he dispute that on that same date, November 1, 2004, he returned to Barbour International all of its documents, equipment and property.  Lovett's last day on the job was November 1, 2004.  He was paid his base salary for the month of November and through May 15, 2005.

     Although Lovett emphasizes the words "terminated effective November 15, 2004" as found in the Termination of Employment Agreement, this language does nothing to change the fact that Barbour International had discharged Lovett and that Lovett knew at that point or should have known at that point that he was positioned for a lawsuit against defendant.  His complaint recites that the defendant had ridiculed his age and promised to fire him.  His complaint further charges that the defendant had

hired an employee to replace him who was under 40 years of age and that prior to terminating him the defendant had assigned all of plaintiff's accounts to the younger worker.  On November 1, 2004, plaintiff clearly had notice under these alleged facts that he had a potential cause of action of age discrimination against the defendant.  Therefore, since plaintiff did not file his EEOC charge within 180 days of this date, this court must dismiss his lawsuit.  *Julian*, 314 F.3d 721*;  Pruet*, 784 F.2d at 1279;  *Cruce,* 703 F.2d at 864;  *Davis*, 813 F. Supp. at 1206.

      Plaintiff seeks to rescue this lawsuit by his argument of equitable tolling.  The limitation statute of 180 days in which to file a complaint with the EEOC is not a jurisdictional requirement; therefore, it is subject to estoppel and equitable tolling.  *Conaway*, 955 F.2d at 362 (*citing Zipes v. TransWorld Airlines, Inc.*, 455 U.S. 385, 393 (1982)).  Equitable tolling is appropriate where "the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002) (Equitable tolling did not apply where plaintiff was held to have constructive notice of procedural requirements for filing complaint); *Rhodes*, 927 F.2d at 880-881 (Equitable tolling applied where defendant misled plaintiff by false statements on the severance report that plaintiff was terminated as part of a reduction in force, and that defendant would consider re-hiring him).  This circuit also has occasionally permitted equitable tolling when the delay was caused by the EEOC's "misleading the plaintiff about the nature of her rights."  *Blumberg*, 848 F.2d at 644; *see White v. Dallas Independent School District*, 581 F.2d 556, 562-63 (5th Cir. 1978)(applying equitable tolling where

plaintiff was "substantially misled by EEOC's mistake of law"). Plaintiff predicates his equitable tolling argument on the Mutual Release Provision of the Termination of Employment Agreement. He says he was confused by the language and wrongfully believed that he had waived his age discrimination claim.

This court is not persuaded. In *Pruet*, an EEOC charge filed within one month of termination of plaintiff's employment was judged untimely because it was filed more than 180 days after the defendant employer had announced the decision to remove him as controller and secretary-treasurer. *Pruet*, 784 F.2d at 1278. The court found the plaintiff, an attorney who performed most of the company's personnel duties, was charged with knowledge of the law and, therefore, could not rely upon the company's failure to post EEOC notices as a basis for equitable tolling. Even if this court were persuaded that Barbour did not learn until consulting with an attorney on March 31, 2005, that the waiver did not preclude his filing suit under the EEOC, he was certainly made aware of this fact at that time, which allowed him opportunity to file the EEOC charge prior to the end of the 180 day time limitation; instead, he did not file the requisite charge until May 13, 2005, forty three days later and thirteen days after the time for filing had expired.

## **Conclusion**

This court hereby grants defendant's motion for summary judgment, convinced that this lawsuit features undisputed facts and that the applicable law favors movant.

The facts here clearly show that plaintiff did not file his complaint with the EEOC within the statutorily-required period and has no basis for claiming equitable tolling.  This court will enter a separate Final Judgment in accordance with the local rules.

SO ORDERED AND ADJUDGED, this the 9th day of December, 2005.

s/ HENRY T. WINGATE

CHIEF UNITED STATES DISTRICT JUDGE

Civil Action No. 3:05-cv-497  WS
Memorandum Opinion and Order

11